IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANCES RUTH TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-333-RAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came on for non-jury trial on March 1, 2007. At the conclusion of plaintiff's evidence, the Court granted the motion of the defendant for judgment as a matter of law pursuant to Rule 52(c) F.R.Cv.P. The Court hereby memorializes its findings of fact and conclusions of law as that Rule requires[1].

Findings of Fact

1. This is an action brought by Francis Ruth Tatum pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671 et seq.

2. Plaintiff went to the Post Office in Okemah, Oklahoma, on August 19, 2004.

3. It was raining that morning, and plaintiff's feet were probably wet when she entered the building.

---

[1] At this stage, unlike a motion for summary judgment, the trial court is not required to consider the evidence in the light most favorable to plaintiff, but instead must undertake the fact finding process, which involves a weighing of the evidence and an assessment of the credibility of the witnesses to determine whether or not the plaintiff has demonstrated a factual and legal right to relief. *Roth v. American Hosp. Supply Corp.*, 965 F.2d 862, 865 (10th Cir.1992).

4. The entry mat may also have been wet, and plaintiff fell after stepping from the mat to the uncovered floor.

5. Plaintiff suffered serious injury as a result of the fall.

6. No evidence was presented as to how wet the mat was, how long it had been wet, and at what level of saturation the Post Office should have changed the mat.

7. No evidence was presented on the issue of notice to the Post Office.

8. On the issue of causation, the Court finds plaintiff might well have fallen on the smooth floor while wearing wet shoes, even if no mat had been present.

Conclusions of Law

1. This Court has jurisdiction over this action and venue is appropriate in the United States District Court for the Eastern District of Oklahoma.

2. The Federal Tort Claims Act incorporates "the law of the place where the act or omission complained of occurred," in this case Oklahoma. *See* 28 U.S.C. §1346(b).

3. Under Oklahoma law, an invitor has a duty to exercise reasonable care to prevent injury to a business invitee. *Taylor v. Hynson*, 856 P.2d 278, 281 (Okla.1993).

4. An invitor, however, is not an insurer of the safety of others and is not required to prevent all injury occurring on the property. *Id.*

5. An invitor cannot be held responsible unless it be shown that the invitor had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence. *Id.*

6. Plaintiff has not shown a breach of the duty to exercise reasonable care on the part of the defendant.

7. Therefore, defendant is entitled to judgment as a matter of law.

**ORDERED THIS 6TH DAY OF MARCH, 2007.**


**Dated this 6th Day of March 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma